AMERICAN STEEL & WIRE CO. v. KEEFE.

(Circuit Court of Appeals, Third Circuit. November 18, 1908.)

No. 2.

MASTER AND SERVANT (§ 168*)—MASTER'S LIABILITY FOR INJURY TO SERVANT—INCOMPETENT FELLOW SERVANT.

    A master is not relieved from liability for an injury to a servant through the act of an incompetent fellow servant, retained with knowledge of his incompetency, because such act was directly contrary to orders given him, where it was also an act which would not have been done by a competent person, although no such order had been given.

    [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 334-351; Dec. Dig. § 168.*]

In Error to the Circuit Court of the United States for the Western District of Pennsylvania.

David A. Reed, for plaintiff in error.

Rody P. Marshall, for defendant in error.

Before DALLAS and GRAY, Circuit Judges, and ARCHBALD, District Judge.

DALLAS, Circuit Judge. This writ of error has brought up the record of an action by the defendant in error against the plaintiff in error to recover damages for personal injury to the plaintiff below, caused, as alleged, by negligence of the defendant below. The negligence imputed to said defendant is that it retained in its employment as the operator of a certain crane, an incompetent person, though it knew of his incompetence, and notwithstanding its promise, upon the complaint of the plaintiff below, to remove him and put a competent man in his place. As was said in the opinion filed by the learned trial judge:

"The verdict of the jury must be taken as establishing the craneman's incompetence, that he knew the plaintiff was up in the crane rigging, and that he started the crane without directions from him."

Therefore these facts have rightly been conceded in this court; but it is contended that no recovery should have been allowed, because, as is argued, the plaintiff's injury was not due to the craneman's incompetence, but to his disobedience of an order not to start the crane while the plaintiff below was in the rigging. The distinction thus sought to be drawn cannot be made the basis of decision in this case. If the person whose act in starting the crane was the immediate cause of the accident had been a fit person to be intrusted with its control, no direction to him not to set it in motion while another person was in a position of danger could have been necessary. He did that which, had he been competent, he would not have done, though no direction whatever had been given him, and that he did it in the face of an express admonition to abstain from it but makes his incapacity more glaring. Moreover, when the plaintiff below made complaint of the way the crane was run, he said, according to the testimony of the department manager of the defendant below, that "he [the then operator] wasn't capable of running the crane, and he [the plaintiff below] was scared to go upon the crane to do any work on it when it was necessary." It was this complaint that elicited the promise that when a man could be found "that could run the crane" he would be put upon it; and in view of such evidence the jury, we think, could not, without manifest error, have been precluded from finding that the plaintiff was exposed to a risk which the defendant knew would continue to exist so long as the person then in charge of the crane continued to operate it.

The judgment is affirmed.